MCMONAGLE, PERRI,
MCHUGH, MISCHAK & DAVIS P.C.
By:   William M. Davis, Esquire              Attorney for Plaintiffs
Attorney I.D. No. 93102
1845 Walnut St., 19th Floor
Philadelphia, PA  19103
(215) 981-0999 / Fax (215) 981-0977
wdavis@mpmpc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ESTATE OF ARTHUR PHILLIPS, PHYLLIS PHILLIPS | CIVIL ACTION  19  3822 |
| vs. | |
| CORIZON HEALTH, INC.<br>105 Westpark Drive<br>Brentwood, Tennessee 37027<br>and<br>MHM CORRECTIONAL SERVICES, INC.<br>1593 Spring Hill Road, Suite 600<br>Vienna, Virginia 22182<br>and<br>BARBARA HERST, RN<br>c/o MHM CORRECTIONAL<br>   SERVICES, INC.<br>1593 Spring Hill Road, Suite 600<br>Vienna, Virginia 22182<br>and c/o CORIZON HEALTH, INC.<br>105 Westpark Drive<br>Brentwood, Tennessee 37027<br>and<br>HANNAH JENKINS<br>c/o MHM CORRECTIONAL<br>   SERVICES, INC.<br>1593 Spring Hill Road, Suite 600<br>Vienna, Virginia 22182<br>and c/o CORIZON HEALTH, INC.<br>105 Westpark Drive<br>Brentwood, Tennessee 37027<br>and<br>DR. JOHN DOE, MD<br>Who treated or was responsible for | JURY TRIAL DEMANDED<br><br>FILED<br>AUG 23 2019<br>KATE BARKMAN, Clerk<br>By_____Dep. Clerk |

**Treating Arthur Phillips and whose** :
**Identity is known to defendants but** :
**Not to plaintiffs after reasonable** :
**Investigation and in the absence of** :
**Disclosures and discovery** :
**c/o MHM CORRECTIONAL** :
    **SERVICES, INC.** :
**1593 Spring Hill Road, Suite 600** :
**Vienna, Virginia 22182** :
**and c/o CORIZON HEALTH, INC.** :
**105 Westpark Drive** :
**Brentwood, Tennessee 37027** :

## COMPLAINT - CIVIL ACTION

Plaintiffs, The Estate of Arthur Phillips, and Phyllis Phillips, by and through the undersigned attorneys, McMonagle, Perri, McHugh, Mischak & Davis, P.C., herein complain of the above captioned defendants, and state the following:

## JURISDICTION AND VENUE

1. Jurisdiction in this action is vested in this Court pursuant to 42 U.S.C. §1983.

2. The practices and conduct alleged herein occurred within the Eastern District of Pennsylvania wherein the Pennsylvania Department of Corrections governs and operates. Therefore, venue in this Court is proper pursuant to 28 U.S.C. §§1331 and 1343.

## PARTIES

3. Decedent, Arthur Phillips, and Plaintiff through the Estate of Arthur Phillips, was an adult individual last residing at SCI Graterford, Graterford, Pennsylvania, before his death on January 28, 2018.

4. Plaintiff, Phyllis Phillips, is an adult individual residing at 1441 Potter Lane, Wayne, PA 19087 and was the wife of Arthur Phillips until the date of his death.

5. Defendant Corizon Health, Inc. ["Corizon"] is a corporation or other jural entity located at 105 Westpark Drive, Brentwood, Tennessee 37027. Corizon has a principal place of business, among other places, located at 8001 State Road, Philadelphia, Pennsylvania 19136.

6. Defendant Corizon has a contract to provide health care and health care services to inmates and detainees within the Pennsylvania Department of Corrections.

7. Defendant MHM Correctional Services, Inc. ["MHM"] is a corporation or other jural entity located at 1593 Spring Hill Road, Suite 600, Vienna, Virginia 22182. MHM has a principal place of business, among other places, located at 645 North 12th Street, Suite 101, Lemoyne, Pennsylvania 17043.

8. Defendant MHM has a contract to provide mental health care and mental health care services to inmates and detainees within the Pennsylvania Department of Corrections.

9. Defendant, Barbara Herst, is a registered nurse duly licensed to practice medicine in the Commonwealth of Pennsylvania who, at all times relevant hereto, provided medical/mental health/psychiatric care and treatment to Mr. Phillips.

10. Defendant, Hannah Jenkins, provides mental health care and mental health care services to inmates and detainees within the Pennsylvania Department of Corrections

11. Defendant John Doe, MD, ["Dr. John Doe"] whose existence is known through witnesses and whose identity is known to defendants but not to the plaintiff after reasonable investigation and in the absence of disclosures or discovery, is a physician duly licensed to practice medicine in the Commonwealth of Pennsylvania who, at all times relevant hereto, provided medical/mental health/psychiatric care and treatment to Mr. Phillips.

12. At all times relevant hereto, Barbara Herst, Hannah Jenkins and Dr. John Doe were actual and/or ostensible agents and/or employees of Corizon and/or MHM, and were acting

within the course and scope of such agency and/or employment relationship while providing health care and/or mental health care services to Mr. Phillips.

13. At all times material hereto, Barbara Herst, Hannah Jenkins and Dr. John Doe [individual defendants], were acting in their own right and also acting as authorized agents, employees and/or servants of Corizon and/or MHM, and under the control or right of control of Corizon and/or MHM.

14. Corizon is liable for the acts and/or omissions of the above captioned individual defendants and/or its agents, servants, and/or employees under applicable legal theories of agency, master-servant, respondeat superior, and/or right of control.

15. MHM is liable for the acts and/or omissions of the above captioned individual defendants and/or its agents, servants, and/or employees under applicable legal theories of agency, master-servant, respondeat superior, and/or right of control.

## FACTS COMMON TO ALL COUNTS

16. On April 20, 2017, Arthur Phillips was arrested, while a patient in the Psychiatric Unit of the Veterans' Administration Hospital in Coatesville, Pennsylvania, and transported to the Chester County Prison.

17. Mr. Phillips had been a patient in the Psychiatric Unit of the Veterans' Administration Hospital due to a suicide attempt on April 19, 2017.

18. Mr. Phillips was held in the Psychiatric Unit of the Chester County Prison on "suicide watch" for the first approximately ten days of his detention at the Chester County Prison.

19. On or about April 22, 2017, Mr. Phillips was prescribed Prozac, which he took on a daily basis while at the Chester County Prison, as he had been taking Prozac as prescribed by

4

his private doctors since approximately 2001, pursuant to his diagnosis of Major Depressive Disorder.

20. Mr. Phillips continued to be prescribed and continued taking Prozac on a daily basis for the entirety of his detention at the Chester County Prison.

21. On January 24, 2018, Arthur Phillips was transferred from the Chester County Prison to SCI Graterford and was incarcerated as an inmate at SCI Graterford.

22. On January 24, 2018, upon entry to SCI Graterford, Defendant Barbara Herst completed a screening form noting that Mr. Phillips was to be referred to the psychiatric unit.

23. Defendant, Barbara Herst, also noted that Mr. Phillips had been taking psychiatric medicine, namely, Prozac.

24. On January 25, 2018, Defendant, Hannah Jenkins, completed an Initial Reception Mental Health Questionnaire noting that Mr. Phillips had received outpatient mental health treatment and was prescribed Prozac.

25. Mr. Phillips was never given Prozac, or any other similar medication, by Dr. John Doe or any other healthcare professional, or anyone else, while he was incarcerated at SCI Graterford.

26. Mr. Phillips was never placed on "suicide watch" while incarcerated at SCI Graterford, nor was he placed in any housing that included supervision and/or direct checks on his well-being every fifteen minutes.

27. Mr. Phillips was not placed in a special housing unit or cell, that would have allowed for close supervision and mental health services, despite his diagnosis of Major Depressive Disorder, prescription for Prozac and history of prior suicide attempts.

5

28. Mr. Phillips was not placed in a special housing unit that provided a suicide suit, blanket but no sheet and general provisions to prevent self-harm, despite his diagnosis of Major Depressive Disorder, prescription for Prozac and history of prior suicide attempts.

29. Mr. Phillips was not transitioned from suicide watch, to close supervision to general housing, all-the-while monitored by a mental health professional, to ensure that he was not a risk to harm himself, despite his diagnosis of Major Depressive Disorder, prescription for Prozac and history of prior suicide attempts.

30. On January 28, 2018, Mr. Phillips committed suicide by hanging himself with a bed sheet in his prison cell, in general population, while incarcerated as an inmate at SCI Graterford.

31. At all relevant times hereto, Defendants were aware of, and recklessly and deliberately indifferent to, Mr. Phillips' serious medical and mental health needs and the required evaluations, medication and monitoring that his mental health diagnosis required for his safety.

32. At all relevant times hereto, Defendants were aware of, and recklessly and deliberately indifferent to, the excessive risk of not providing Mr. Phillips with Prozac, or a similar medication, to manage his Major Depressive Disorder, and/or placing him on suicide watch.

33. At all relevant times hereto, Defendants were aware of, and were recklessly and deliberately indifferent to, the need for additional and/or different training, testing, rules, regulations, screening, policies, procedures, guidelines, and directives concerning inmates with known mental health conditions, providing medications and placing inmates on suicide watch.

34. Mr. Phillips' death was caused by the prolonged failure to treat or address his mental health needs through medication, supervision and monitoring to prevent self-harm.

35. Mr. Phillips died while under the exclusive custody and control of the Pennsylvania Department of Corrections and the above named Defendants.

36. As a direct and proximate result of Defendants' conduct, which caused Mr. Phillips' death, Plaintiffs are entitled to recover for damages.

### COUNT I – FEDERAL CIVIL RIGHTS CLAIM
**Plaintiffs v. Individual Defendants**

37. Plaintiffs incorporate the preceding paragraphs as if the same were set forth herein at length.

38. Barbara Herst, Hannah Jenkins and Dr. John Doe were acting under the color of state law while assigned to provide medical care and mental health care and services to Arthur Phillips. The conduct of these defendants was intended to harm Mr. Phillips and/or was recklessly and deliberately indifferent to the safety, bodily integrity, well-being and life of Mr. Phillips, and was committed in conscious disregard of the substantial and/or unjustifiable risk of causing harm to Mr. Phillips. This conduct was so egregious as to shock the conscience.

39. The conduct of Barbara Herst, Hannah Jenkins and Dr. John Doe, as set forth above, violated Mr. Phillips' constitutional rights to be free from cruel and unusual punishment, and his rights to due process as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, as remediable pursuant to 42 U.S.C. §1983.

### COUNT II – FEDERAL CIVIL RIGHTS CLAIMS
**Plaintiffs v. Corizon Health, Inc. and MHM Correctional Services, Inc.**

40. Plaintiffs incorporate the preceding paragraphs as if the same were set forth herein at length.

41. The violation of Mr. Phillips' constitutional rights, Plaintiffs' damages, and the conduct of the individual defendants were directly and proximately caused by the deliberate

7

indifference of Corizon and MHM to the need for training, supervision, investigation, monitoring, and/or discipline with respect to the provision of specialist medical care and mental health care and treatment to correctional facility inmates.

42.     The violation of Mr. Phillips' constitutional rights, Plaintiffs' damages, and the conduct of individual defendants were directly and proximately caused by Corizon and MHM's encouragement, tolerance, ratification of, and/or deliberate indifference to, policies, practices, and/or customs of refusing, delaying, denying, or otherwise interfering with inmates' necessary treatment by medical specialists and mental health specialists.

## REQUESTED RELIEF

43.     As a direct and proximate result of the above violations of Arthur Phillips' civil rights, as set forth herein, Mr. Phillips' was caused to suffer the death described above.

44.     Plaintiffs bring this action pursuant to the above violations of Decedent's rights and are entitled to recover for damages caused by such violations, through the Estate of Arthur Phillips, including but not limited to, Decedent's pain and suffering, loss of earnings and loss of future earning capacity.

45.     Plaintiffs further bring this action pursuant to the above violations of Decedent's rights and are entitled to recover for damages caused by such violations, including but not limited to, expenses of estate administration and the loss of expected pecuniary contributions of the Decedent.

**WHEREFORE**, Plaintiffs demand judgment against Defendants upon the claims and causes of action stated above, in excess of $150,000, exclusive of interest and costs, which sum includes, but is not limited to:

a.      Damages and costs of suit recoverable under 42 U.S.C. §1983; and,

b.     All other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case.

Respectfully submitted,

MCMONAGLE, PERRI,
MCHUGH, MISCHAK & DAVIS, P.C.

By: _____
WILLIAM M. DAVIS, ESQUIRE
**Attorney for Plaintiffs**

**Dated: August 19, 2019**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ESTATE OF ARTHUR PHILLIPS, PHYLLIS PHILLIPS | |
| | CIVIL ACTION |
| vs. | |
| | |
| CORIZON HEALTH, INC. | JURY TRIAL DEMANDED |
| 105 Westpark Drive | |
| Brentwood, Tennessee 37027 | |
| and | |
| MHM CORRECTIONAL SERVICES, INC. | |
| 1593 Spring Hill Road, Suite 600 | |
| Vienna, Virginia 22182 | |
| and | |
| BARBARA HERST, RN | |
| c/o MHM CORRECTIONAL SERVICES, INC. | |
| 1593 Spring Hill Road, Suite 600 | |
| Vienna, Virginia 22182 | |
| and c/o CORIZON HEALTH, INC. | |
| 105 Westpark Drive | |
| Brentwood, Tennessee 37027 | |
| and | |
| HANNAH JENKINS | |
| c/o MHM CORRECTIONAL SERVICES, INC. | |
| 1593 Spring Hill Road, Suite 600 | |
| Vienna, Virginia 22182 | |
| and c/o CORIZON HEALTH, INC. | |
| 105 Westpark Drive | |
| Brentwood, Tennessee 37027 | |
| and | |
| DR. JOHN DOE, MD | |
| Who treated or was responsible for Treating Arthur Phillips and whose Identity is known to defendants but Not to plaintiffs after reasonable Investigation and in the absence of Disclosures and discovery | |
| c/o MHM CORRECTIONAL SERVICES, INC. | |

| | |
|---|---|
| 1593 Spring Hill Road, Suite 600 | : |
| Vienna, Virginia 22182 | : |
| and c/o CORIZON HEALTH, INC. | : |
| 105 Westpark Drive | : |
| Brentwood, Tennessee 37027 | : |

## CERTIFICATE OF SERVICE

I, William M. Davis, Esquire, hereby certify that a true and correct copy of the instant Complaint – Civil Action was served on the following via UNITED STATES MAIL, which satisfies the requirements of Federal Rule of Civil Procedure 5.

**CORIZON HEALTH, INC.**
**105 Westpark Drive**
**Brentwood, Tennessee 37027**
 **and**
**MHM CORRECTIONAL SERVICES, INC.**
**1593 Spring Hill Road, Suite 600**
**Vienna, Virginia 22182**
 **and**
**BARBARA HERST, RN**
**c/o MHM CORRECTIONAL**
 **SERVICES, INC.**
**1593 Spring Hill Road, Suite 600**
**Vienna, Virginia 22182**
**and c/o CORIZON HEALTH, INC.**
**105 Westpark Drive**
**Brentwood, Tennessee 37027**
 **and**
**HANNAH JENKINS**
**c/o MHM CORRECTIONAL**
 **SERVICES, INC.**
**1593 Spring Hill Road, Suite 600**
**Vienna, Virginia 22182**
**and c/o CORIZON HEALTH, INC.**
**105 Westpark Drive**
**Brentwood, Tennessee 37027**
 **and**
**DR. JOHN DOE, MD**
**Who treated or was responsible for**
**Treating Arthur Phillips and whose**
**Identity is known to defendants but**
**Not to plaintiffs after reasonable**
**Investigation and in the absence of**
**Disclosures and discovery**

c/o MHM CORRECTIONAL
    SERVICES, INC.
1593 Spring Hill Road, Suite 600
Vienna, Virginia 22182
and c/o CORIZON HEALTH, INC.
105 Westpark Drive
Brentwood, Tennessee 37027

                      MCMONAGLE, PERRI,
                      MCHUGH, MISCHAK & DAVIS, P.C.

By: _____
                    WILLIAM M. DAVIS, ESQUIRE
                    Attorney for Plaintiffs
                    Attorney I.D. No. 93102
                    1845 Walnut St., 19th Floor
                    Philadelphia, PA 19103
                    wdavis@mpmpc.com

Dated: August 19, 2019

JS 44 (Rev. 06/17)    HB III    **CIVIL COVER SHEET**    19-CV-3822

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**   19 3822

(b) County of Residence of First Listed Plaintiff: Pennsylvania
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Tennessee
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)* 215-931-0999
William M. Davis, Esq.; McMonagle, Perri P.C.
1845 Walnut St, 19th Floor, Phila, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 USC § 1983

Brief description of cause: Violation of plaintiff's right to be free from cruel & unusual punishment

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 5,000,000
- CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)* JUDGE ____ DOCKET NUMBER ____

AUG 23 2019

DATE: 8/22/19

SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

19    3822

Address of Plaintiff: 1441 Potter Lane, Wayne, PA 17087

Address of Defendant: 105 Westpark Dr., Brentwood, Tennessee 37027

Place of Accident, Incident or Transaction: SCI Graterford (now SCI Phoenix) 1200 Mokychic Rd Collegeville, PA 17426

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/22/19    _____ Attorney-at-Law / Pro Se Plaintiff    93102 Attorney I.D. # (if applicable)

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify)* _____

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify)* _____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, William M. Davis, Esq., counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☐ Relief other than monetary damages is sought.

DATE: 8/22/19    _____ Attorney-at-Law / Pro Se Plaintiff    93102 Attorney I.D. # (if applicable)

AUG 23 2019

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

The Estate of Arthur Phillips
Phyllis Phillips
          v.                                    : CIVIL ACTION
Corizon Health, INC et al.                      :
                                                : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

8/22/19                William M. Davis              Phyllis Phillips
Date                   Attorney-at-law               Attorney for

215-981-0999           215-981-0977                  Wdavis@mpmpc.com
Telephone              FAX Number                    E-Mail Address

(Civ. 660) 10/02

AUG 23 2019